IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------- :
HITACHI MEDICAL SYSTEMS    : CASE NO. 1:06 CV 3072
AMERICA, INC.,             :
                           :
              Plaintiff    :
                           :
        -vs-               : <u>MEMORANDUM AND ORDER</u>
                           : <u>GRANTING IN PART DEFENDANTS'</u>
TRINITY HEALTH CARE LLC, et. al,  : <u>MOTION TO STRIKE AND DENYING</u>
                           : <u>DEFENDANTS' MOTION FOR PARTIAL</u>
              Defendants   : <u>SUMMARY JUDGMENT</u>
------------------------------------------------------- :


UNITED STATES DISTRICT JUDGE LESLEY WELLS

On 11 December 2007 defendants Trinity Health Care, LLC, Westwood Open MRI, Montebello Open MRI and Salinas MRI, LLC ("Defendants") filed a Motion for Partial Summary Judgment on the Issue of Plaintiff's "Acceleration Clause" ("Motion for Partial Summary Judgment"). (ECF #27). On 10 January 2008 plaintiff Hitachi Medical Systems Inc. ("Hitachi") filed a Memorandum in Opposition, attaching the affidavits of Lance Cain, Jim Confer, and David Hartman ("Opposition to Partial Summary Judgment"). (ECF #28). In response, Defendants filed a Reply Memorandum and a Motion to Strike the affidavits submitted in support of the Memorandum in Opposition to Partial Summary Judgment ('Motion to Strike") on 28 January 2008. (ECF #29). Countering, on 11 February, 2008 Hitachi filed a Memorandum in Opposition to

Defendants' Motion to Strike. (ECF #31). Finally, Defendants filed a Reply Brief in Support of the Motion to Strike on 25 February 2008. (ECF#35).

For the reasons set forth below, Defendants' Motion to Strike will be granted in part and denied in part and Defendants' Motion for Partial Summary Judgment will be denied.

## I. FACTUAL BACKGROUND OF THE DISPUTE

Westwood Open MRI, Salinas Open MRI and Montebello Open MRI ("the MRI Centers") operate radiology imaging facilities utilizing magnetic resonance imaging equipment ("MRI equipment"). Hitachi installs and services MRI equipment. As part of sales transactions, the MRI Centers entered into Service Maintenance Agreements ("Agreements") with Hitachi. (ECF #27, p.2; ECF #28, p.3). Under the Agreements Hitachi was to provide installation, regular and after-hours preventative maintenance on the MRI equipment for a period of 4 years. In exchange, each MRI Center agreed to pay $76,500 per year in monthly installments. (ECF #27, p.2)

All of the contracts, which were on a pre-printed form, contained the following language below the signature line :

> Upon the occurrence of any Event of Default, HMSA may, at any time, declare the unpaid balance for the remaining term of this SMA to be immediately due and payable.

(ECF #28, Exhibit B). This language (the "Acceleration Clause") appears in type smaller than is used in the body of the contract.

The MRI Centers terminated their Agreements with Hitachi and on 23 December 2006, Hitachi sued seeking to recover the full remaining balance due on the Agreements under the Acceleration Clause.

2

Defendants' Motion for Partial Summary Judgment argues that, as a matter of law, the Acceleration Clause is an invalid penalty clause under Ohio law. Hitachi's Opposition to Partial Summary Judgment argues that the Acceleration Clause is a enforceable liquidated damages provision.

## II. THE STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate if the evidence in the record shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party always bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex v. Catrett, 477 U.S. 317, 323 (1986). If the motion is properly made and supported as provided in Rule 56(c), the nonmoving party must then "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324. It is not enough for the nonmoving party to point to *any* alleged factual dispute between the parties. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). To survive summary judgment, the dispute must involve a genuine issue of material fact; that is, a fact that might affect the outcome of the suit under the governing substantive law. Id., 477 U.S. at 248.

Summary judgment is intended as a mechanism for isolating and disposing of "factually unsupported claims or defenses." Celotex, 477 U.S. at 323-24. To that end, the inquiry on summary judgment mirrors the directed verdict standard, and thus a moving party bearing the burden of proof at trial is entitled to judgment as a matter of law when "the record taken as a whole could not lead a rational trier of fact to find for the

3

non-moving party;" that is, the movant is required to show that a reasonable jury must find in their favor. Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479-80 (quoting Matsushita Elec. Industrial Co., 475 U.S. 574, 587 (1986)).  In considering a motion for summary judgment, the evidence must be viewed in the light most favorable to the party opposing the motion. Matsushita, 475 U.S. at 587.  Since inadmissible evidence could not be used at trial to establish a genuine issue of material fact, only admissible evidence should be considered when ruling on the motion. Finn v. Consolidated Rail Corp., 782 F.2d 13,16 (1st Cir. 1986).

### III. DISPOSITION OF THE MOTION TO STRIKE

Since, as noted above, only admissible evidence may be considered when ruling on a motion for summary judgment, the Court must begin by considering Defendants' Motion to Strike. The Court will grant the motion to strike with respect to the following portions of the affidavits: Affidavit of Jim Confer, page 1¶ 2, page 3¶ 10; Affidavit of David Hartman, page 2, ¶5, page 2, ¶ 6. (The Affidavit of Jim Confer is attached as Exhibit B to the Opposition to Partial Summary Judgment, ECF #28; the Affidavit of David Hartman is attached as Exhibit D to the Opposition to Partial Summary Judgment, ECF #28.)

In the Affidavit of Jim Confer, page 1¶ 2 will be stricken as inadmissible on the grounds the offered testimony lacks foundation and is irrelevant. Fed. Rule Civ. P. 56 (e); Fed. R. Evid. 402, 602. Page 3¶ 10 will be stricken on the same grounds and on the additional grounds that it states an improper legal conclusion. Fed. R. Evid. 702.

In the Affidavit of David Hartman, Page 2 ¶ 5, subsection B and ¶ 6 will be stricken on the grounds that the offered testimony lacks foundation and is irrelevant. Fed. Rule Civ. P. 56 (e); Fed. R. Evid. 402, 602.

The remainder of Defendants' Motion to Strike will be denied.[1]

### III. THE PARTIAL SUMMARY JUDGMENT MOTION: LAW AND ANALYSIS

Both parties agree that Samsom Sales, Inc. v Honeywell, Inc., 12 Ohio St. 3d 27 (1984) states the applicable Ohio law.  In Samson the Ohio Supreme Court declared that contract clauses providing for reasonable liquidated damages are valid and enforceable, "However, reasonable compensation for actual damages is the legitimate objective of ... liquidated damages provisions and where the amount specified is manifestly inequitable and unrealistic, courts will ordinarily regard it as a penalty." Id. at 28; see Sheffield-King Milling Co. v. Domestic Science Baking Co., 95 Ohio St. 180, 115 N.E. 1014, 1014 (1917) (syllabus).

Noting that whether a particular sum in a contract is intended as a penalty or liquidated damages depends on the facts of each case, the court in Samsom set forth the test for determining whether a liquidated damages clause is enforceable:

> Where the parties have agreed on the amount of damages, ascertained by estimation and adjustment, and have expressed this agreement in clear and unambiguous terms, the amount so fixed should be treated as liquidated damages and not as a penalty, if the damages would be (1) uncertain as to amount and difficult of proof, and if (2) the contract as a whole is not so manifestly unconscionable, unreasonable, and disproportionate in amount as to justify the

---

[1] The Court acknowledges Defendants' well founded objection to Hitachi's use of the Opposition to Motion to Strike as a sur-reply filed without leave in violation of Local Rule 7.1. Plaintiff's counsel is warned that any further attempts to evade requirements for leave will result in the Court striking in toto the matters filed.

> conclusion that it does not express the true intention of the parties, and if (3) the contract is consistent with the conclusion that it was the intention of the parties that damages in the amount stated should follow the breach thereof.

Samson at 27, quoting Jones v Stevens 112 Ohio St. 43 (1925) (syllabus ¶2)

Partial summary judgment must be denied since there are genuine issues of material fact respecting both (1) the uncertainty of amount and difficulty of proof of Hitachi's damages, and (2) the proportional relationship between the damages specified in the Acceleration Clause and the damages which may actually flow from the breach of contract.

Defendants argue that Hitachi's actual damages are not difficult to determine. Plaintiff counters that the damages are extremely difficult to ascertain. Plaintiff contends that by breaching the long term, flat-rate Agreements the MRI Centers have unilaterally converted themselves to customers subject to charges for individual services, and that calculation of damages would require determination of the amount which would have been charged for services in the absence of the Agreements. Plaintiff also argues that, based upon the MRI Centers' Agreements, Hitachi increased staffing levels, incurred training and support costs, salaries and benefits. Plaintiff supports these claims with the Affidavit of Jim Confer in ¶ 3-9. (Exhibit B to Opposition to Partial Summary Judgment, ECF #28). Defendants counter that the calculations required are basic computations of profits, expenses and revenues and that the additional staffing has been absorbed by service agreements entered into with the purchaser of the assets of Westwood Open MRI and others. Defendants support these arguments with the Declaration of Arthur E. Quillo. (Exhibit 1, Motion for Partial Summary Judgment, ECF # 27.)   With this

6

exchange, plaintiff and defendants have raised a triable issue of material fact regarding whether or not Hitachi's damages are difficult or easy to ascertain.[2]

As the Ohio Supreme Court explained in Lake Ridge Academy v. Carney, 66 Ohio St. 3d 376 (1993), the determination of whether a clause is enforceable as a liquidated damages provision critically hinges upon whether it is punitive, constituting a penalty for breach. The court stated:

> A punitive remedy is one that subjects the breaching party to a liability "disproportionate to the damage which could have been anticipated from breach of the contract..."5 Williston on Contracts (3 Ed. 1961) 668 Section 776. "The characteristic feature of a penalty is its lack of proportional relation to the damages which may actually flow from failure to perform under a contract." Garrett v. Coast & S. Fed. S. & L. Assn., 9 Cal .3d 731,739.

Lake Ridge Academy at 381.

Thus, in order to determine if the Acceleration Clause is enforceable, this Court must determine if it is reasonable.

Lake Ridge points up two areas of factual ambiguity regarding the reasonableness, and thus the enforceability, of the Acceleration Clause.  First, while Lake Ridge upheld a liquidation clause calling for payment of the full contract price without plaintiff's performance, it did so only upon a finding that the savings, if any, from non-performance were "minuscule." Id., at 383. The Ohio Supreme Court relied on Williston on Contracts which states that plaintiff may recover the full amount promised only if excuse from performance "will be of no pecuniary advantage to the plaintiff."  24 Williston on Contracts § 64:26 (4th ed.).  In this case there is a dispute regarding the cost

---

[2]The Court does not by this determination rule on the propriety of Hitachi's damage theory using an alternative Billable Customer pricing.

7

savings to Hitachi from relief from performance, which necessarily raises an issue regarding the reasonableness of a clause requiring payment without estimation of profit.

Second, while plaintiff properly contends Lake Ridge Academy expresses the view that once a damages clause has been found to be reasonable, and therefore enforceable, liquidated damages should not be reduced at trial based upon a duty to mitigate, Lake Ridge Academy also holds that evidence regarding amounts received after breach may be used to evaluate whether or not the disputed clause is reasonable. Id., at 385. Defendants' Declaration of Arthur E. Quillo, Jr. raises an issue of fact regarding Hitachi's mitigation of damages by its execution of a substitute contract with the purchaser of the assets of the Westwood MRI Center. (Declaration of Quillo, Exhibit 1, Motion for Partial Summary Judgment, ECF # 27.)

Plaintiff attempts to evade the discussion of mitigation by citing Republic Waste Services of Ohio Hauling, LLC v. Pepper Pike Props., 2003-Ohio-1348, regarding the addition of alternative customers for waste services. The Republic Waste case is not controlling, since it is distinguishable. This case, where Hitachi continued to service the same machine in the same location, has many of the features of the landlord-tenant relationship in which specific, identifiable property is involved.

While a demonstration establishing that, under Ohio jurisprudence, as a matter of law, damages cannot be ascertained or mitigation required under service contracts such as the Agreements could foreclose the issues, Hitachi made no such demonstration. As a consequence, the affidavits and declaration submitted raise material triable issues of fact regarding the proper characterization of the Acceleration Clause and the Motion for Partial Summary Judgment will be denied.

8

## **IV. CONCLUSION**

For the reasons discussed above, the Defendants' Motion to Strike is granted in part and the Defendants' Motion for Partial Summary Judgment is denied. A telephonic status conference will be held on Tuesday 29 April at 2:00 p.m.    The Court will initiate the conference.


IT IS SO ORDERED.

                                         /s/Lesley Wells
                                         UNITED STATES DISTRICT JUDGE

Dated: 21 April 2008